## Salisbury v. Commonwealth.

(Decided February 13, 1912.)

### Appeal from Floyd Circuit Court.

1. Criminal Law—Self Defense Instruction.—It is proper to incorporate in a self-defense instruction the limitation that the accused has only the right to use "such means as are necessary or as reasonably appeared to him to be necessary to ward off the real or apparent danger to himself."

2. Same—Self Defense.—A person who is assaulted may do whatever seems to him to be necessary in the exercise of a reasonable judgment to defend and protect himself; but if he does more than this, he does it at his peril. When a person uses more force than is necessary to repel an assault or attack, or to protect himself from impending danger, he becomes an aggressor and not a defender. He has passed over the safety line marked out by the law, and placed himself beyond the protection that surrounded him so long as he was acting in his defense.

HARKINS & HARKINS and HOPKINS & HOPKINS for appellant.

JAMES GARNETT, Attorney General and D. O. MYOTT, for appellee.

Opinion of the Court by Judge Carroll—Affirming.

The appellant was convicted of voluntary manslaughter. The homicide occurred at a dance at which there was a large company of people, among them the appellant and the deceased, Prater, both of whom were drinking, and the appellant was armed with a pistol. In the course of the evening a quarrel ensued between them, that ended in the appellant shooting and killing Prater. Appellant claims that he shot him because Prater was advancing on him in a threatening manner with an open knife in his hand; while it is the theory of the prosecution that the shooting of Prater was without provocation or excuse. There was much testimony to support the contention of both the Commonwealth and the accused, but the question of his guilt or innocence under the conflicting facts was for the jury, if they were properly instructed. The only ground for reversal to which our attention is called by the able and experienced counsel who represented the appellant in the lower court and in this, is contained in instruction No. 2, reading as follows:

"Although you may believe from the evidence beyond a reasonable doubt that Charles Salisbury, the defendant, shot and killed Prater, yet, if you further believe that at the time he did the shooting and killing, the defendant had reasonable grounds to believe and did believe that the deceased Prater was then and there about to inflict upon him, the defendant, death or great bodily harm, or it reasonably appeared to him as about to be inflicted upon him by the said Prater, then the court tells you that the defendant had the right to use such means as was necessary or as reasonably appeared to him to be necessary to ward off the impending or apparent danger to himself, and, if you believe that in shooting and killing Prater he used only such means as was necessary or as reasonably appeared to him to be necessary to ward off the real or apparent danger to himself, then you will find him not guilty on the grounds of self-defense and apparent necessity."

The criticism of this instruction is that the words "and if you believe that in shooting and killing Prater he used only such means as was necessary or as reasonably appeared to him to be necessary to ward off the real or apparent danger to himself" should have been omitted. We agree with counsel for appellant that the in-

sertion of these words in the instruction increased the burden of the defense, but not more so than due regard for the safety of life demands. While the right of self-defense .is carefully preserved, its exercise does not authorize the use of unnecessary means, and, the limitation complained of upon the discretion of the accused was intended to put upon him the duty of being careful not to do more than the exigencies of the situation demanded. It can not well be denied that protection and safety from assault only requires the exercise of such means as may be necessary to answer the purpose of self-defense, and, that when this limit is exceeded, the acts done in excess of it are not in self-defense. A person who is assaulted may do whatever seems to him to be necessary in the exercise of a reasonable judgment to defend and protect himself, but if he does more than this he does it at his peril. .When a person uses more force than is necessary or in the exercise of a reasonable judgment appears to him to be necessary to repel the assault or attack or to protect himself from impending danger, he becomes an aggressor and not a defender. He has passed over the safety line marked out by the law, and placed himself beyond the protection that surrounded him so long as he was acting in his defense. Now, who is to determine when this danger line is crossed? It would not be fair to the accused to give the jury the right to disregard his belief as to the danger and determine for themselves the important question what he should have done under the circumstances, as the jury might not be able to fully appreciate the peril of the situation that confronted the parties to the conflict. Nor would it be fair to the Commonwealth to leave it to the accused to decide for himself that he did no more than what seemed to him necessary. And so the law having in view both the rights of the State and the individual, has wisely declared that the accused may employ such means of protection and defense as at the time and under all the present conditions appeared to him to be reasonably necessary, and he may relate what the conditions were and what his belief was as to the necessity for the action he took, but, it is then for the jury, with all the facts before them, to say whether or not he did more than was necessary or then appeared to him to be necessary.

Wherefore, the judgment is affirmed.